ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| RIVER OAK VILLAS HOMEOWNER ASSOCIATION, INC.<br><br>Peticionarios<br><br>v.<br><br>DANIEL VÉLEZ RIVERA<br><br>Recurrido | **TA2026CE00011** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Canóvanas<br><br>Civil Núm.: CN2021CV00400<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 29 de enero de 2026.

Comparece ante este foro River Oak Villas Homeowner Association, Inc. (River Oak o "parte peticionaria") y nos solicita que revisemos una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Canóvanas notificada el 10 de octubre de 2025. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* a una solicitud de desestimación instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** la expedición del auto de *certiorari*.

### I.

El 8 de diciembre de 2021, River Oak presentó una *Demanda* al amparo del procedimiento sumario de cobro de dinero dispuesto en la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, en contra del Sr. Daniel Vélez Rivera (señor Vélez o "el recurrido") titular del

apartamento 101 River Oak Villas.[1] El 15 de febrero de 2022, presentó una *Demanda Enmendada*, en la cual alegó que, el recurrido tenía una deuda de $2,518.54, más intereses, y cargos por mora.[2] Señalaron que, la deuda era por concepto de cuotas de mantenimiento, y estaba vencida, líquida y era exigible.

Luego de varias incidencias procesales, el 7 de septiembre de 2022, el señor Vélez presentó su *Contestación a Demanda y Reconvención*.[3] En esencia, negó las alegaciones presentadas en su contra, y sostuvo que la deuda que pretendía cobrar River Oak era improcedente, debido a que, el administrador interino del Condominio había incumplido con sus obligaciones y no había prestado servicios básicos. Asimismo, como parte de sus defensas afirmativas señaló que el administrador interino del Condominio le adeudaba $1,845.00 por concepto de cuotas de mantenimiento cobradas ilegalmente desde mayo de 2014 hasta el mes de octubre de 2017, según fue resuelto el 27 de febrero de 2020 por el Departamento de Asunto del Consumidor (DACo).

De otra parte, el recurrido en su *Reconvención*, presentó varias causas de acción. La primera por incumplimiento de contrato, basada en que el Administrador Interino y Desarrollador Solían Development Corp. (Administrador) incumplió con su obligación, en cuanto a la construcción de ciertas facilidades en el Condominio. La segunda causa de acción por enriquecimiento injusto, donde arguyó que el

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Demanda Enmendada*, entrada núm. 7 en SUMAC.
[3] *Contestación a Demanda y Reconvención*, entrada núm. 20 en SUMAC.

Administrador cobró un cheque emitido por MAPFRE por los daños sufridos por el Huracán María y no había realizado las reparaciones. Mientras que, su tercera causa de acción reclamó que el Administrador no efectuó pagos correspondientes a los servicios de energía eléctrica y agua potable de las facilidades comunales del Condominio. Como cuarta causa de acción, resaltó la falta de mantenimiento en las áreas verdes comunales, el servicio de control de acceso y de recogido de desperdicios sólidos. En su quinta causa de acción, sostuvo que el Administrador incumplió con su obligación de convocar a los titulares del Condominio para notificarles que era necesario enmendar la Escritura mediante la cual se sometió el desarrollo al régimen de Condominios para atemperar la misma a la realidad actual de lo construido. Asimismo, que el Administrador incumplió con su deber de enmendar los planos del proyecto para atemperarlos a la condición actual de construcción.

En cuanto a la sexta causa de acción, el señor Vélez esbozó que el Administrador incumplió con su obligación de presentar un presupuesto de los gastos del Condominio. Igualmente, que no había rendido cuentas sobre los balances que mantenía las cuentas plica utilizadas para el pago de las cuotas de mantenimiento del Condominio. Mientras que, en su séptima causa de acción alegó que el Administrador era dueño de varias unidades del Condominio y no estaba pagando las cuotas de mantenimiento de dichas unidades, de conformidad con la escritura matriz del Condominio. Finalmente, incluyó una octava reclamación por daños y perjuicios extracontractuales. En esta, señaló lo siguiente:

1. La Parte [recurrida] sufre y continúa sufriendo daños emocionales y angustias mentales, a la forma contumaz y temeraria en que ha procedido el Administrador Interino Solián Development Corp. al no realizar adecuadamente con el desempeño de sus funciones como administrador interino.

2. La Parte [recurrida] también sufre y continúa sufriendo daños emocionales y angustias mentales, debido a que el Administrador Interino Solían Development Corp. ha incumplido e incumple, con las obligaciones que emanan del contrato de compraventa.

3. Los daños emocionales y angustias mentales que ha sufrido y sufre la Parte [recurrida] se estiman en una suma no menor de $250,000.00.

Posteriormente, el 23 de noviembre de 2022, el foro primario notificó una *Sentencia*, mediante la cual desestimó con perjuicio la demanda y declaró *Ha Lugar* la reconvención instada por el señor Vélez. Concluyó que, no se había logrado la venta del 75% de los apartamentos, por lo que, la parte peticionaria no tenía derecho a cobrar las cuotas de mantenimiento, a la luz del contenido de la Escritura Matriz del Condominio. Sobre el particular, expuso que el DACo adjudicó el cobro de las cuotas de mantenimiento en cuestión y determinó que el mismo había sido ilegal y que dicha agencia acudió al Tribunal de Primera Instancia en el caso civil núm. SJ2021CV06258 y se dictó *Sentencia* reiterándose la ilegalidad del cobro de las cuotas.

En cuanto a la *Reconvención*, ordenó a River Oak a: (1) pagar las cuotas de mantenimiento correspondientes a los apartamentos que no había vendido; (2) efectuar los pagos correspondientes de la AEE y la AAA; (3) restituirle a los titulares lo pagado para el mantenimiento de áreas verdes, servicio de control de acceso, recogido de desperdicios sólidos e instalación

de luminarias solares; (4) convocar a los titulares del condominio para efectuar las enmiendas correspondientes a la Escritura Matriz y los planos del proyecto; y (5) concedió la cantidad de $5,000.00 a favor del señor Vélez, por concepto de honorarios de abogado.

No obstante, el 25 de enero de 2023, la parte peticionaria presentó un recurso de apelación ante este Foro. Así las cosas, el 15 de mayo de 2023, el Tribunal de Apelaciones notificó una *Sentencia* en la cual revocó el dictamen emitido por el foro primario sobre la desestimación con perjuicio de la *Demanda Enmendada* presentada por River Oak. Mientras que, sobre la *Reconvención*, desestimó las primeras siete (7) causas de acción por falta de jurisdicción sobre la materia. Por consiguiente, devolvió el caso al foro recurrido para la continuación de los procedimientos.

Luego de varias instancias procesales, el 7 de mayo de 2024, la parte peticionaria presentó una *Moción Eliminatoria y Solicitud de Desestimación a tenor con la Regla 10.2*.[4] Señaló que, el foro apelativo había ordenado al señor Vélez a que eliminara las primeras siete causas de acción de la reconvención, debido a que habían sido desestimadas por falta de jurisdicción, y no lo había realizado. A su vez, alegó que la octava causa de acción no tenía hechos que justificaran la concesión de daños y perjuicios ni de ningún otro remedio. Esbozó que, el recurrido estaba impedido de admitir o negar las aseveraciones dado que no existían alegaciones en torno a los daños y perjuicios. Por lo tanto, solicitó fuera

---

[4] *Moción Eliminatoria y Solicitud de Desestimación a tenor con la Regla 10.2*, entrada núm. 55 en SUMAC.

desestimada la reconvención conforme la Regla 10.2 de las Reglas de Procedimiento Civil.

El 10 de mayo de 2024, el foro primario notificó una *Orden*, en la cual indicó que las alegaciones habían sido desestimadas por el Tribunal de Apelaciones, por lo que, su dictamen era final y firme, y no requería otro trámite.

Posteriormente, el 16 de junio de 2025, River Oak presentó una *Moción Informativa, Alegación Responsiva en Torno a Reconvención y Solicitud de Desestimación Bajo las Reglas 10.2 y 39.2 de Procedimiento Civil*.[5] En esta, reiteró que procedía la eliminación de las primeras siete causas de acción de la reconvención debido a que el foro de instancia carecía de jurisdicción para pasar juicio sobre su procedencia. Asimismo, sostuvo que al eliminar las causas de acción, la acción de daños y perjuicios quedaba sin hechos que justificaran su concesión. Añadió que, este Tribunal había reconocido que la reclamación de daños podría estar atada a la determinación del DACo, si el recurrido presentaba una querella ante dicho foro. Finalmente, que la reconvención no cumplía con las disposiciones requeridas en las Reglas de Procedimiento Civil.

El 16 de julio de 2025, el foro primario notificó una *Resolución Interlocutoria*, mediante la cual declaró *No Ha Lugar* a la solicitud de desestimación de la reconvención.[6]

El 12 de septiembre de 2025, River Oak presentó una *Moción en Cumplimiento de Orden; Solicitando*

---

[5] *Moción informativa, Alegacion Responsiva en Torno a Reconvención y Solicitud de Desestimación Bajo las Reglas 10.2 y 39.2 de Procedimiento Civil*, entrada núm. 71 en SUMAC.
[6] *Resolución Interlocutoria*, entrada núm. 78 en SUMAC.

*Conocimiento Judicial y Tercera Solicitud de Desestimación*.[7] Alegó que, procedía la desestimación de la reconvención. Asimismo, solicitó el foro primario tomara conocimiento judicial de los siguientes casos: *Resolución* del caso LO2022CV0025; Sentencias emitidas por el Tribunal Apelativo en los casos KLAN202300071 y KLAN202200938; y la *Resolución Parcial* del DACo en el caso C-SAN-2022-00010673. Sostuvo que, las determinaciones emitidas por los distintos foros apuntaban a una misma determinación: la reconvención presentada no procedía en derecho. Por ello, reiteró la solicitud de desestimación de la reconvención debido a que sus alegaciones no tienen suficiente peso para mostrar de forma plausible que el señor Vélez tiene un derecho a un remedio. El 10 de octubre de 2025, el foro recurrido denegó la moción.[8]

En desacuerdo, el 21 de octubre de 2025, la parte peticionaria presentó una *Moción Solicitando Reconsideración*.[9] No obstante, el 8 de diciembre de 2025, el foro primario mediante *Resolución Interlocutoria*, declaró *No Ha Lugar* a la moción.[10]

Aun inconforme, el 7 de enero de 2026, River Oak presentó el recurso de epígrafe mediante el cual realizó el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A DESESTIMAR LA RECONVENCIÓN DE LA PARTE RECURRIDA, CUYA ÚNICA RECLAMACIÓN ACTIVA DEJÓ DE EXPONER UNA CAUSA DE ACCIÓN QUE JUSTIFIQUE LA CONCECIÓN DE UN REMEDIO.

En la misma fecha, presentó una *Moción Solicitando Auxilio de Jurisdicción*, la cual este Tribunal declaró

---

[7] *Moción en Cumplimiento de Orden; Solicitando Conocimiento Judicial y Tercera Solicitud de Desestimación*, entrada núm. 81 en SUMAC.
[8] *Resolución Interlocutoria*, entrada núm. 85 en SUMAC.
[9] *Moción Solicitando Reconsideración*, entrada núm. 86 en SUMAC.
[10] *Resolución Interlocutoria*, entrada núm. 91 en SUMAC.

*No Ha Lugar*. Asimismo, le concedimos a la parte recurrida el término de diez (10) días contados a partir de la fecha de presentación del recurso de epígrafe, para oponerse y expresarse sobre los méritos del recurso.

El 19 de enero de 2026, la parte recurrida presentó su *Alegato en Oposición a Certiorari*.

Contando con la comparecencia de las partes, procedemos a atender el recurso de epígrafe. Veamos.

**II.**

**-A-**

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. *Íd.*, pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, dicha discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. *Íd.*, pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo no es absoluta. *Íd.* Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. *Íd.* Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad." *Íd.*

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (remedios provisionales) y la Regla 57 (*injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

## III.

En el caso de autos, River Oak alega que incidió el foro primario al denegar la desestimación de la reconvención instada por el señor Vélez. Señala que, la única reclamación activa, deja de exponer una causa de acción que justifique la concesión de un remedio. Asimismo, dispone que la causa de acción por daños y perjuicios estaba intrínsicamente ligada a la decisión que tomara el DACo sobre los asuntos que tenía bajo su jurisdicción, y su decisión fue desestimar la querella, por lo que, procedía la desestimación de la acción restante.

Por su parte, el señor Vélez arguye que el alegado mandato de este Foro en el caso KLAN202300071, no ordenó la desestimación automática de la octava causa de acción, sino que la devolvió al foro *a quo* para su determinación. A su vez, enfatiza que la causa de acción en la que reclama daños es a causa de la alegada conducta del Administrador y los asuntos relacionados al incumplimiento del contrato de compraventa. Por ello, arguye que aun cuando existan controversias administrativas sobre asuntos del condominio, ello no equivale a la desaparición de una reclamación civil de daños.

Evaluados los argumentos de las partes, así como el expediente del caso, concluimos que no incurrió en error de derecho ni abusó de su discreción el foro primario al declarar *No Ha Lugar* la solicitud de desestimación de la reconvención instada por la parte peticionaria. Por consiguiente, nos abstenemos de ejercer nuestras facultades discrecionales en el presente caso.

A la luz de lo esbozado, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones